# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANDRE M. DENTLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civ. No. 2:22-cv-02863-MSN-tmp |
| v. | ) |
| | ) |
| FCI WARDEN BOWERS, | ) |
| | ) |
| Respondent. | ) |

## ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1) filed by Andre M. Dentley ("Petitioner"), Bureau of Prison register number 22745-075, an inmate incarcerated at the Federal Correctional Institution in Memphis, Tennessee; the Response in Opposition to Petition for A Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 7); and the Motion to Reopen and Response of the United States to Petition for A Writ of Habeas Corpus Under 28 U.S.C. §2241 (ECF No. 9). For the following reasons, the Court **REOPENS** the case and **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

## BACKGROUND

In the United States District Court for the Middle District of Tennessee, Petitioner pled guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), Counts One, Two, and Three of the superseding indictment. (*See United States v. Dentley*, No. 3:15-cr-

00061-2 (M.D. Tenn.), ECF No. 107 at PageID 213–14.) A second § 924(c) violation (Count Four) was dismissed pursuant to the plea agreement. (*Id.* at PageID 214.) Petitioner waived his right to appeal "any sentence of 204 months incarceration followed by 5 years of supervised release." (*Id.* at PageID 223.) He also waived his right to challenge the sentence in a motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack. (*Id.*) These waivers exclude claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. (*Id.*) Petitioner was sentenced to a total term of 195 months imprisonment, which consists of 111 months imprisonment each for Counts One and Three, to run concurrently, to be followed by an 84-month consecutive sentence of imprisonment on Count Two. (*See* ECF No. 157.)

In 2018, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. (*See Dentley v. United States*, No. 3:18-cv-00093 (M.D. Tenn.), ECF No. 1.) The Court denied his motion. (ECF No. 36.) A motion for relief from judgment, which alleges a claim under *United States v. Taylor*, 142 S. Ct. 2015 (2022),[1] is pending before the Court. (*See* ECF No. 37 at PageID 319–20; *see* ECF No. 42.)

On August 8, 2022, Petitioner petitioned this Court *pro se* for relief under 28 U.S.C. § 2241. (Civ. No. 22-2503, ECF No. 1.) The petition alleged the same *Taylor* claim as in the instant petition. (*Id.* at PageID 2.) That petition was denied because Petitioner did not pay the filing fee or seek leave to proceed *in forma pauperis*. (ECF No. 5.)

## THE § 2241 PETITION

On December 19, 2022, Petitioner filed the instant petition. (Civ. No. 22-2863, ECF No. 1.) He alleges that he is "actually innocent" of his conviction under 18 U.S.C. § 924(c) based on

---

[1] In *United States v. Taylor*, 142 S. Ct. at 2025–26, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A).

2

*United States v. Taylor*, 142 S. Ct. 2015 (2022).  (*Id.* at PageID 2.)  The Court ordered the Warden to respond.  (ECF No. 6.)  The Warden responded that the case should be held in abeyance pending the Supreme Court's decision in *Jones v. Hendrix*, 142 S. Ct. 2706 (2022).  (ECF No. 7 at PageID 19.)

On April 26, 2023, the Court stayed and administratively closed the case.  (ECF No. 8.)  The Court ordered Respondent to reopen within 30 days of the Supreme Court's decision in *Jones*.  (*Id.* at PageID 27.)  On June 22, 2023, the Supreme Court decided the case.  *See Jones v. Hendrix*, 599 U.S. 465 (2023).  On July 24, 2023, Respondent filed the motion to reopen the case and to dismiss for lack of subject matter jurisdiction.  (ECF No. 9.)  Petitioner has not filed a response, and the period for responding has expired.

## **DISCUSSION**

The Warden argues that Petitioner's collateral challenge to his federal conviction and sentence may only be raised under 28 U.S.C. § 2255, and that under the savings clause in § 2255(e), a petition for writ of habeas corpus under 28 U.S.C. § 2241 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  (ECF No. 9 at PageID 30.)  The Warden asserts that Petitioner carries the burden to show that the § 2255 remedy is inadequate or ineffective to test the legality of the detention.  (*Id.*)  The Warden contends that *Taylor* addresses the statutory definition of a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) and that *Jones* forecloses the possibility of bringing this statutory claim under 28 U.S.C. § 2241.  (*Id.* at PageID 31–32.)  The Warden further contends that the saving clause is a jurisdictional bar to the claim and that the Court should dismiss the petition for lack of subject matter jurisdiction.  (*Id.* at PageID 32.)

3

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances.

One limitation on the availability of relief under § 2241 is in the "saving clause" of § 2255(e), which provides as follows:

> (e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause thus limits the district courts' subject matter jurisdiction because "[a] district court has no

4

jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

If, however, the remedy under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," then relief under § 2241 remains available, but "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained in *Jones v. Hendrix*, "the clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 473 (citations omitted). Importantly, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

Prior to *Jones*, the Sixth Circuit allowed a federal prisoner to challenge his conviction or an enhancement to his sentence in a § 2241 petition filed pursuant to the saving clause if he could show "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor*, 990 F.3d at 499 (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)); *Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023) ("In recent years, we have interpreted the saving clause as allowing a federal prisoner to seek relief under § 2241 rather than § 2255 if his sentencing challenge is based on a retroactively applicable statutory interpretation that could not have been raised previously and the alleged sentencing error is 'sufficiently grave.'" (citing *McCormick*, 977 F.3d at 525)). In *Wright*, however, the Sixth

Circuit recognized that this approach made "§ 2241 a substitute for procedurally barred § 2255 motions," which had "expanded the saving clause beyond its original function." *Wright*, 939 F.3d at 699; *see also id.* at 710 (Thapar, J., concurring) ("But we have jerry-rigged the saving clause to let § 2255 motions masquerade as § 2241 petitions, evading Congress's chosen limits on collateral review."). Yet, as Judge Thapar explained, the Sixth Circuit was "bound by our mistakes in this area until we fix them en banc. Or until the Supreme Court intervenes." *Id.* at 710 (Thapar, J., concurring). With its decision in *Jones*, the Supreme Court intervened.

*Jones* clarified that "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle ('the remedy by motion'), not any court's asserted errors of law." *Jones*, 599 U.S. at 480. The Court emphasized that the saving clause cannot be used as an "end-run around AEDPA," which allows a second or successive 2255 motion to proceed only if it asserts one of two conditions: (1) newly discovered evidence such that no reasonable factfinder would have found the defendant guilty; and (2) a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at 477–78; *see* 28 U.S.C. § 2255(h). The Court distinguished due process errors that occur at trial from AEDPA's restrictions on collateral review, explaining that "[d]ue process does not guarantee a direct appeal, let alone the opportunity to have legal issues redetermined in successive collateral attacks on a final sentence." *Jones*, 599 U.S. at 487 (citation omitted).

As explained above, habeas relief under § 2241 is not available to Petitioner unless relief under § 2255 is inadequate or ineffective. Petitioner has filed a § 2255 motion and been denied relief. The dismissal of his prior § 2255 motion, however, does not make the § 2255 remedy inadequate and ineffective such that Petitioner could invoke the saving clause to address his *Taylor* claim.

In *Jones*, 599 U.S. at 480, the Supreme Court said that "[t]he inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Petitioner seeks relief based on a change in the statutory interpretation of what qualifies as a crime of violence under § 924(c). *Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, at *2 (6th Cir. Sept. 12, 2023) ("Birtha's § 2241 petition—which seeks relief in light of *Taylor*, a case of statutory interpretation—is foreclosed by *Jones*.") Petitioner cannot bring this statutory claim under § 2241.

Petitioner has not presented newly discovered evidence or a new constitutional ruling that applies retroactively to his conviction. Nothing in the record or briefing indicates there are "unusual circumstances" that make it "impossible or impracticable . . . to seek relief in the sentencing court." *Jones*, 599 U.S. at 478.

Petitioner has therefore not met his burden of satisfying the saving clause by showing that a § 2255 motion is inadequate or ineffective to challenge his sentence. For this reason, and because Petitioner is not "challenging the legality of his *detention* without attacking the validity of his *sentence*," *Jones*, 599 U.S. at 475 (cleaned up), this Court lacks jurisdiction to address the merits of Petitioner's claims.

For the reasons set forth above, the motion to reopen is **GRANTED**, and the § 2241 Petition is **DISMISSED** for lack of subject-matter jurisdiction. Judgment shall be entered for Respondent.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v.*

7

*United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because the Court lacks subject matter jurisdiction over Petitioner's claims, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 25th day of January, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.